JUSTICE GRAY
dissenting.
I respectfully dissent from the Court’s opinion that Turner was properly sentenced to death for his conviction of accountability for deliberate homicide. Although the issue is addressed somewhat differently here than in the companion case of State v. Gollehon, my dissent there is applicable here as well and is incorporated herein.
In addition, I see no conflict between § 45-1-102(2), MCA, and our decision in State v. Goodwin. Both require this Court to construe penal statutes “according to the fair import of their terms.” Section 45-1-102(2), MCA. Goodwin merely prohibits extending penal statutes beyond “[the statute’s] descriptive terms, or the fair and clear import of the language used.” 813 P.2d at 966. The Court’s decision here meets neither standard; it focuses on the “separate offense” concept without ever addressing precisely how the offense for which Turner was convicted fits squarely and fairly within the language and terms of Montana’s sentencing statutes. The fact is that our death *61 penalty statutes do not, by their clear terms, include accountability for deliberate homicide. Absent legislative inclusion, the Court merely reads that offense into the statutes in violation of § 45-1-102(2), MCA, and Goodwin. I cannot agree.
Furthermore, the Court’s references to Goodwin are, at best, confusing. Without much analysis, the Court concludes that Goodwin is inapplicable here. However, the Court also overrules some unspecified portion of that case “to the extent” it is in conflict with § 45-1-102(2), MCA. The Court does not tell us precisely how the conflict arises. Nor does the Court explain how the statute, in effect at the time our decision in Goodwin was issued, can now — a short two years later — require this Court to retreat from the strong language it utilized in Goodwin that we “are compelled to follow the classic rule of construction of criminal statutes” regarding lenity cited therein. Goodwin, 813 P.2d at 966-67.
If this case represents the death knell of the rule of lenity in Montana, I am saddened. More importantly, however, if this is so, the Court ought to at least say so clearly so that the district courts, the members of the practicing bar, and this Court in future cases will know the answer.
I would remand to the District Court for resentencing.
JUSTICE TRIEWEILER and JUSTICE HUNT join in the foregoing dissent of JUSTICE GRAY.